UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GARY LEVY, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE LLC, a California company,<br><br>　　　　　Defendant. | Case No. 2:23-cv-1678<br><br>NOTICE OF REMOVAL |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446, Defendant Google LLC ("Google" or "Defendant"), by and through its undersigned counsel, hereby removes the above-captioned matter from the Superior Court of the State of Washington for the County of King to the United States District Court of Washington for the Western District of Washington, Seattle Division on the following grounds.

## I.　THE REMOVED CASE

On October 3, 2023, Plaintiff Gary Levy ("Plaintiff") commenced a state court action in the Superior Court of Washington, King County, Case No. 23-2-18985-0 SEA, against Google for violation of RCW 49.44.211 (3), RCW 50A.40.010, and for wrongful discharge in violation of public policy.

## II.　PROCEDURAL REQUIREMENTS

1.　This removal is timely. Defendant is filing this action within 30 days of receipt of

NOTICE OF REMOVAL - 1
Case No. 2:23-cv-1678

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

service of process of the original Summons and Complaint, which sets for the claim for relief upon which the action is based. Plaintiff commenced the state court action when he filed the Complaint with the county clerk of King County, Washington, on or about October 3, 2023. *See* Exhibit A. Plaintiff served the Complaint on October 8, 2023. Pursuant to 28 U.S.C. § 1446(b)(2) and (2), removal is timely if it is filed within 30 days after receipt of service of the complaint.

2. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action has been given to Plaintiff's counsel, as affirmed in the attached Certificate of Service, and Notice of Filing Notice of Removal of Action is being filed in the Superior Court of King County, Washington.

3. Pursuant to 28 U.S.C. § 1441(a), venue is proper in the District of Washington, Western Division because this district embraces the place in which the removed action, filed in the Superior Court of King County, Washington, is pending.

4. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

5. By seeking removal, Defendant does not waive any defenses, including, but not limited to, lack of personal jurisdiction, insufficiency of process, or service of process.

### III.    JURISDICTIONAL STATEMENT

6. As set forth below, under 28 U.S.C. § 1332, this action is properly removable under the Court's diversity jurisdiction because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.    The Amount in Controversy Requirement is Satisfied**

1. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*

NOTICE OF REMOVAL - 2
Case No. 2:23-cv-1678

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

*Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "Evidence establishing the amount is required by 28 U.S.C. § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id*. Removal of a lawsuit is proper upon the defendant's assertion of the amount in controversy if the district court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1446(c)(2)(B); *see also Rea v. Michaels Stores Inc*. 742 F.3d 1234, 1239 (9th Cir. 2014).

2.  Plaintiff did not pray for a particular amount of damages in the Complaint; however, petitioner has a good faith belief to believe that Plaintiff is seeking an amount in excess of $75,000. In his Complaint, Plaintiff seeks damages for economic damages including back pay, front pay, and other lost compensation; actual compensatory, consequential, and incidental damages; statutory damages pursuant to RCW 49.44.211(7) and 50A.40.020, and reasonable attorneys fees. *See* Complaint at p. 12, Ex. A. Plaintiff earned more than $75,000 in calendar year 2022. Assuming a trial date of November 1, 2024, Plaintiff's backpay alone would far exceed $75,000 based on a preponderance of the evidence. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (holding that damages pleaded in good faith satisfy the amount in controversy requirement).

**B.   There is Complete Diversity of Citizenship**

3.  For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Plaintiff is a resident of Washington based on the allegations in his Complaint. *See Ex. A*. Thus, Plaintiff is a citizen of Washington under 28 U.S.C. § 1332 for purposes of diversity jurisdiction and removal.

NOTICE OF REMOVAL - 3
Case No. 2:23-cv-1678

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

4. A limited liability company's citizenship is evaluated for diversity of citizenship purposes. *See* 28 U.S.C. § 1332(c)(1). For purposes of diversity jurisdiction, a limited liability company (LLC) is a "citizen" of every state of which its owners/members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation, for purposes of diversity, is deemed to be a citizen of any state in which it has been incorporated and any state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

5. Google LLC's sole member is XXVI Holdings Inc., a Delaware corporation with its principal place of business in Mountain View, California. Therefore, XXVI Holdings Inc. is a citizen of Delaware and California. See 28 U.S. Code § 1332(c)(1). Accordingly, Google LLC is a citizen of Delaware and California, the citizenship of its sole member. In addition, Alphabet Inc. is the parent company of XXVI Holdings, Inc. Alphabet Inc is also a Delaware corporation with its headquarters in Mountainview, California.

6. Complete diversity of citizenship exists because (1) the sole member of Google LLC is XXVI Holdings, Inc. and (2) XXVI Holdings, Inc. is a citizen of Delaware and California, and (3) Plaintiff is a citizen of Washington.

## IV.   CONCLUSION

WHEREFORE, Defendant requests that the above-captioned action now pending in the Superior Court of the State of Washington for the County of King be removed to the United States District Court for the Western District of Washington, Seattle Division, and that the District Court assume jurisdiction over this lawsuit.

///

///

///

NOTICE OF REMOVAL - 4
Case No. 2:23-cv-1678

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

1

2      DATED this 2nd day of November, 2023.

3

4                                          *s/April Upchurch Fredrickson*
                                           April Upchurch Fredrickson, WSBA No. 31910
5                                          april.fredrickson@millernash.com
                                           MILLER NASH LLP
6                                          605 5th Ave S, Ste 900
                                           Seattle, WA 98104
7                                          Telephone: (206) 624-8300
                                           Facsimilie: (206) 340-9599
8
                                           Attorneys for Defendant Google LLC
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF REMOVAL - 5
Case No. 2:23-cv-1678

**CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Gregory M. Skidmore
Vera P. Fomina
Mason C. Hudon
SKIDMORE FOMINA, PLLC
1800 112th Ave, Ste 270E
Bellevue, WA 98004

☐ via Hand Delivery
☒ via U.S. Mail
☐ via E-Service
☒ via Email
☒ via CM/ECF

Under the laws of the United States of America and the state of Washington, the undersigned hereby declares, under penalty of perjury, that the foregoing statements are true and correct to the best of my knowledge.

Signed at Seattle, Washington, on November 2, 2023.

*s/Elizabeth Pitman*
Elizabeth Pitman, Legal Assistant

4894-1210-3560.1

CERTIFICATE OF SERVICE - 1
Case No. 2:23-cv-1678

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104