# Exhibit A

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING (SEA)**

| | |
|---|---|
| GARY LEVY, an individual,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>GOOGLE, LLC, a California company,<br><br>　　　　　　　　　　Defendant. | Case No. _____ SEA<br><br>**COMPLAINT FOR DAMAGES<br>AND JURY DEMAND** |

Plaintiff Gary Levy ("Levy" or "Plaintiff"), by and through his undersigned attorneys of record, Gregory M. Skidmore, Vera P. Fomina, and Mason C. Hudon of Skidmore│Fomina, PLLC, alleges as follows:

## I. PARTIES

1.1   Plaintiff is a citizen of the United States and an individual residing in King County, Washington.

1.2   Plaintiff is a former employee of Google, LLC ("Google" or the "Defendant").

1.3   Defendant Google is and was, at all times material hereto, a company incorporated in the State of California.

1.4   Defendant Google transacts substantial business in King County.

COMPLAINT FOR DAMAGES
AND JURY DEMAND - 1

Skidmore│Fomina, PLLC
1800 112th Ave. Suite 270E
Bellevue, WA 98004
Telephone: (425) 519-3656

1.5     Defendant Google is registered and licensed to conduct business in Washington State, including King County.

1.6     At all times relevant to this Complaint, Defendant Google was Plaintiff's employer as defined in RCW 49.46.010(4).

## II.    JURISDICTION AND VENUE

2.1     This Court has jurisdiction over the parties and this matter under RCW 2.08.010.

2.2     Venue is appropriate in King County under RCW 4.12.020.

## III.    FACTUAL ALLEGATIONS

3.1     On December 17, 2017, Defendant hired Plaintiff as a Manager.

3.2     Defendant gave Plaintiff the Consistently Meets Expectations ratings for both Plaintiff's Q1 2018 and Q3 2018 performance reviews.

3.3     Defendant gave Plaintiff the Exceeds Expectations ratings for both Plaintiff's Q1 2019 and Q3 2019 performance reviews.

3.4     Defendant gave Plaintiff the Exceeds Expectations rating for Plaintiff's Q3 2020 performance review.

3.5     Due to COVID-19, Defendant only gave one rating in 2020.

3.6     In or about Q3 2020, upon Defendant's request, Plaintiff started a partnership with VeriSilicon, Inc. ("Verisilicon" or "VSI").

3.7     Defendant gave Plaintiff the Strongly Exceeds Expectations rating for Plaintiff's Q1 2021 performance review.

3.8     In or about Q2 2021, Plaintiff began reporting to Director Vikram Natarajan ("Natarajan").

3.9     Natarajan nominated Plaintiff for promotion for the Q3 2021 review period.

3.10    Defendant gave Plaintiff the Strongly Exceeds Expectations rating for Plaintiff's Q3 2021 performance review.

COMPLAINT FOR DAMAGES
AND JURY DEMAND - 2

SKIDMORE | FOMINA, PLLC
1800 112th Ave. Suite 270E
Bellevue, WA 98004
Telephone: (425) 519-3656

3.11 In Defendant's Q3 2021 performance review, Natarajan described Plaintiff's performance as follows: i.) "Not lower because Gary exhibited tremendous autonomy, thought leadership and execution across two important, complex workstreams for AR & Lens", ii.) "Gary has played a critical role in getting our AR glasses silicon efforts off the ground and into design/delivery mode", and iii.) "Over the past 3+ years, Gary has made immense contributions to multiple nascent business to help grow them and reach scale."

3.12 Natarajan nominated Plaintiff for promotion for the Q1 2022 term.

3.13 In Defendant's Q1 2022 performance review, Natarajan described Plaintiff's performance as follows: i) "Over the past 3 years, Gary has proven himself to be a highly flexible, hardworking, impactful and collaborative business professional. From advancing new Google initiatives via pathfinding, consensus building and sustained execution to solving "first of a kind" corporate needs for foundational technologies (SoCs to Visual Search), he has shown a phenomenal ability to deliver high impact.", ii) A culture of respect and transparency: Gary embodies a consensus driven approach to decision making. He is great at creating the human infrastructure needed to arrive at this consensus, specifically by listening and acknowledging multiple different points of view, creating steering committees, mapping and managing key stakeholders, exec updates and forums", and iii) "In summary, Gary has been able to land impact at Google scale exhibiting strong leadership and autonomy while thriving in complex, fast-changing environments. He has done this with a great work ethic, collaboratively and respectfully. He is a versatile team player that has delivered on critical building blocks across a variety of product areas and is a true asset to the company."

3.14 Defendant gave Plaintiff the Strongly Exceeds Expectations rating for Plaintiff's Q1 2022 performance review.

3.15 In or about April 2022, Defendant promoted Plaintiff.

3.16   On or about June 30, 2022 and September 30, 2022, Natarajan submitted comments and made selections in Defendant's Google Reviews and Development ("GRAD") system for Plaintiff delineating that he was meeting and/or exceeding expectations in his performance.

3.17   Prior to November 2022, Plaintiff had no material physical health conditions and/or symptoms that are relevant to this Complaint.

3.18   In or about December 2022, Plaintiff was involved in Verisilicon negotiations and contract drafting. Plaintiff had been involved in several months of preceding investigations, data gathering, and analysis regarding the matter.

3.19   Natarajan requested that Plaintiff author and sign a certain contract with Verisilicon by December 22, 2022. Defendant's request included material changes to preexisting plans.

3.20   Plaintiff analyzed Defendant's request.

3.21   Plaintiff identified that the request for changes and additions included new concepts that had not be researched.

3.22   Plaintiff identified that the request for changes and additions caused deviation from precedent and could cause legal compliance problems, undermine negotiations, and cause portfolio conflicts for the Defendant's already signed contracts.

3.23   Plaintiff identified that the request for changes and additions could create overpayment of fees.

3.24   Plaintiff identified that the request for changes and additions included adding fees to be paid for items that had previously been provided by Verisilicon at no cost.

3.25   Plaintiff identified that the request to complete the contract and get it signed by December 22, 2022, may not have sufficient time, which might undermine review processes. Plaintiff identified that the time available could be further reduced by fewer workdays available during holidays, reduced approver and process owner availability, and reduced availability of necessary systems due to Defendant's financial system's year end closure.

COMPLAINT FOR DAMAGES
AND JURY DEMAND - 4

SKIDMORE | FOMINA, PLLC
1800 112th Ave. Suite 270E
Bellevue, WA 98004
Telephone: (425) 519-3656

3.26   Plaintiff communicated to Natarajan, Senior Director Jason Jordan ("Jordan"), Raul Perez ("Perez"), and other relevant employees regarding potential legal issues and risks if Defendant proceeded with the requested changes.

3.27   Plaintiff worked to resolve the situation.

3.28   On or about December 6, 2022, Perez recorded program notes.

3.29   The program notes indicated Vice President, Paul Greco ("Greco"), had asked the group to be aggressive because the group's request for 2023 budget was over target.

3.30   On or about December 9, 2022, Plaintiff had a meeting with Natarajan.

3.31   Natarajan did not plan the meeting with Plaintiff in advance. Natarajan had the meeting silently added to Plaintiff's calendar.

3.32   Plaintiff was surprised by Natarajan's urgent meeting and where Natarajan provided no context.

3.33   During the meeting with Natarajan, Natarajan repeated and escalated his request that Plaintiff should make changes and additions to the Verisilicon contract as he and Defendant directed.

3.34   Plaintiff again reviewed the findings from his analysis with Natarajan.

3.35   Instead of complying with what Plaintiff believed to be potentially unlawful, Plaintiff discussed he was continuing investigations and gathering data to support Defendant.

3.36   In response, Natarajan threatened Plaintiff's employment and compensation.

3.37   Defendant's employees including Natarajan were continuously and unpredictably requesting Plaintiff to do something he had come to believe was illegal as a condition to preserve Plaintiff's employment and or compensation prospects. As a result of Defendant's actions, Plaintiff's health was impacted by acute and chronic activation of the involuntary, physiological fight-or-flight response due to Defendant's actions. Plaintiff's health further degraded from Natarajan's ongoing threats.

COMPLAINT FOR DAMAGES
AND JURY DEMAND - 5

SKIDMORE | FOMINA, PLLC
1800 112th Ave. Suite 270E
Bellevue, WA 98004
Telephone: (425) 519-3656

3.38  Plaintiff experienced arm pain, swelling and fluid in the arms, and lower leg pressure and pain.

3.39  Plaintiff asked to pause the meeting due to his health.

3.40  Natarajan did not check if Plaintiff needed health assistance or check if Plaintiff was okay.

3.41  The meeting ended abruptly due to Plaintiff's degraded health.

3.42  On or about December 9, 2022, Natarajan sent an email to Plaintiff and others stating that Plaintiff should determine the amount of a new fee to be paid for services and items that had previously been provided by Verisilicon to Defendant at no cost.

3.43  Natarajan's email indicated that Plaintiff was requested to discuss the concept with Verisilicon, and that Plaintiff was requested to capture the services into a study written by Verisilicon. Plaintiff should then add a fee for this alleged 2022 work into a contract to be signed with Verisilicon as soon as possible and before a December 22, 2022 Finance deadline.

3.44  On or about December 9, 2022, Plaintiff had a meeting with Senior Director Darren Ward ("Ward"). Ward was Natarajan's manager.

3.45  During the meeting with Ward, Plaintiff shared concerns that included Natarajan's mistreatment of Plaintiff. Plaintiff shared this was negatively impacting his health. Plaintiff indicated he would investigate the leave process and take medical leave.

3.46  Plaintiff was approved for medical leave pursuant to Washington Paid Family and Medical Leave ("PFML") from December 9, 2022 to February 15, 2023.

3.47  On or about December 12, 2022, Plaintiff attended work because, at that time, the PFML/FMLA process had not yet been completed.

3.48  Plaintiff met with Jordan, Natarajan, Perez, and other stakeholders to discuss Verisilicon and budget problems that Jordan was having.

COMPLAINT FOR DAMAGES
AND JURY DEMAND - 6

SKIDMORE | FOMINA, PLLC
1800 112th Ave. Suite 270E
Bellevue, WA 98004
Telephone: (425) 519-3656

3.49   During this meeting, Plaintiff repeated his concerns that Verisilicon was obligated by a previously executed contract with Defendant to fix design errors and provide proposals, studies, and reports to Defendant at no cost and that therefore, clauses and fees that covered these items should be removed from the pending contract.

3.50   Perez recorded program notes.

3.51   The program notes outlined Plaintiff's concerns, an estimate of how much over target the group was for the 2023 budget, and management guidance that the group would be better off if work could be charged to the 2022 budget.

3.52   On or about December 12, 2022, Plaintiff was asked to attend a second meeting with Jordan, Natarajan, Perez, and other stakeholders to discuss Verisilicon and the budget problems that Jordan was having.

3.53   Defendant's employees including Natarajan continued requesting Plaintiff to include their changes into the Verisilicon contract and to get it signed before December 22, 2022.

3.54   Natarajan did not desire the resulting and appropriate financial impact delineated by Plaintiff and indicated that Google wanted a different financial outcome.

3.55   Perez recorded program notes for the second meeting on or about December 12, 2022.

3.56   The program notes included notes indicating that Plaintiff was not in agreement with the proposed changes and that Plaintiff left the meeting due to health, financial, legal, and or ethical concerns.

3.57   On or about December 12, 2022, Plaintiff reported potential financial misconduct and SOX violations resulting from the pending Verisilicon contract to Google's "Q4 2022 SOX Survey" run by Google's Risk Management and Compliance Team.

COMPLAINT FOR DAMAGES
AND JURY DEMAND - 7

SKIDMORE | FOMINA, PLLC
1800 112th Ave. Suite 270E
Bellevue, WA  98004
Telephone: (425) 519-3656

3.58   On or about December 12, 2022, Plaintiff followed Google's whistleblower process and submitted a written complaint with supporting information related to misconduct, fraudulent activity, and SOX violations.

3.59   Plaintiff's submission was recorded by Defendant's whistleblower information and technology (IT) system with number 216268249.

3.60   On or about December 12, 2022, Plaintiff completed his submission for PFML leave pursuant to his December 9, 2022, meeting and discussion with Ward.

3.61   On or about December 12, 2022, Plaintiff emailed Ward. Plaintiff described Natarajan's conflict of interest with Plaintiff's PFML leave submission.

3.62   On or about December 13, 2022, Plaintiff received multiple communications from Defendant while on PFML protected medical leave.

3.63   The multiple communications to Plaintiff's corporate and personal devices began on or around 7:50 am PST.

3.64   Defendant represented the multiple communications as an emergency. Defendant requested Plaintiff to contact Google Security and Defendant as soon as Plaintiff was available.

3.65   Defendant's communications contained untrue allegations including that Plaintiff had missed meetings in the approximate time period between December 12 at 7:00 p.m. PST and December 13 at 7:50 am PST.

3.66   A Supervisor with Defendant's Global Security function, Reggie Andal ("Andal"), participated in communications with Plaintiff.

3.67   Andal consented to an audio recording with Plaintiff.

3.68   Defendant's employees indicated to Plaintiff that they were aware of information concerning Plaintiff but that they could not disclose the information to Plaintiff.

3.69   Defendant's employees made requests including that Plaintiff meet with Erika Saffold.

COMPLAINT FOR DAMAGES
AND JURY DEMAND - 8

SKIDMORE | FOMINA, PLLC
1800 112th Ave. Suite 270E
Bellevue, WA  98004
Telephone: (425) 519-3656

3.70   Defendant's employees described to Plaintiff that Erika Saffold ("Saffold") was a People Consultant or member of Defendant's People Operations and Human Resources function.

3.71   As a result of Defendant's actions, Plaintiff continued to experience acute and chronic activation of the involuntary, physiological fight-or-flight response.

3.72   On or about December 14, 2022, Plaintiff followed Google's whistleblower process.

3.73   Plaintiff added another written submission to Defendant's whistleblower system. The submission described retaliation from Natarajan and Jordan against Plaintiff following his December 12, 2022 whistleblowing submission concerning misconduct and or potential fraud and SOX violations during Verisilicon contract preparations.

3.74   Plaintiff's submission was recorded by Defendant's whistleblower IT system as POPS Request 02157802.

3.75   Shortly thereafter, Plaintiff emailed Google's complaint hotline at respect@Google.com regarding his whistleblowing concerns and the mistreatment.

3.76   On or about December 14, 2022, Plaintiff emailed Ward twice. Plaintiff described that he had experienced intimidation and retaliation from Defendant's employees after following Defendant's whistleblowing process. In each communication, Plaintiff described Natarajan's conflict of interest with Plaintiff's PFML leave submission. Plaintiff requested that Natarajan be removed from a capacity where Natarajan had the potential to interfere with Plaintiff's pending PFML/FMLA leave request, review, and or administration.

3.77   On or about December 14 or 15, 2022, Plaintiff's FMLA was fully approved for December 9, 2022 through February 15, 2023.

3.78   On or after December 20, 2022, Saffold was added as the "primary contact" on Plaintiff's whistleblowing and retaliation submission from December 14, 2022 and which had been recorded as POPS Request 02157802.

COMPLAINT FOR DAMAGES
AND JURY DEMAND - 9

3.79   On or about January 20, 2023, Plaintiff received an email that his employment had been terminated by Defendant.

3.80   Defendant alleged that the reason for Plaintiff's termination was a reduction in force.

3.81   In the email, VP of Google and Community Relations Ann Raske (Raske") communicated that Plaintiff's "role with Google was impacted" by the reduction in force and that his position was eliminated.

3.82   Raske indicated that Plaintiff's last day of employment would be March 31, 2023.

3.83   As a result of the Defendants' actions, Plaintiff was harmed in an amount to be proven at trial.

## IV.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Retaliation – RCW 49.44.211(3)

4.1   Plaintiff re-alleges and incorporates herein the preceding paragraphs of this Complaint.

4.2   RCW 49.44.211(3) provides that an employer may not discharge or in any other manner retaliate against an employee for disclosing or discussing conduct that the employee reasonably believes to be illegal.

4.3   Plaintiff opposed what he reasonably believed to be financial fraud, illegal behavior, Sarbanes Oxley violations, and legal non-compliance by disclosing and discussing these serious concerns with his manager, management, and Defendant's Risk Management and Compliance Team. Plaintiff followed Google's whistleblower process and submitted written complaints with supporting information.

4.4   Defendant refused to take any action to address Plaintiff's complaints and to remedy the situation.

COMPLAINT FOR DAMAGES
AND JURY DEMAND - 10

SKIDMORE | FOMINA, PLLC
1800 112th Ave. Suite 270E
Bellevue, WA  98004
Telephone: (425) 519-3656

4.5     Defendant retaliated against Plaintiff and then terminated his employment.

4.6     Defendant's inclusion of Plaintiff in the reduction in force is pretextual.

4.7     Plaintiff was included in the reduction in force because of his complaints regarding Defendant's legal violations.

4.8     As a direct and proximate cause of Defendants' actions, Plaintiff has suffered severe economic and non-economic damages, all in amounts to be proven at trial.

**SECOND CAUSE OF ACTION**
**Wrongful Termination in Violation of Public Policy**

4.9     Plaintiff re-alleges and incorporates herein the preceding paragraphs of this Complaint.

4.10    There is a clear and strong public policy in Washington State evidenced in both Washington statutes and common law against retaliating against an employee for disclosing or discussing conduct that the employee reasonably believes to be illegal and protected by SOX or other financial regulations.

4.11    Plaintiff complained to his manager, management, and to Defendant's Risk Management and Compliance team regarding financial fraud, illegal behavior, Sarbanes Oxley violations, and legal non-compliance.

4.12    Plaintiff followed Google's whistleblower process and submitted written complaints with supporting information.

4.13    Plaintiff provided written communications to Defendant's misconduct reporting channels that he felt he and other employees were being forced to participate in illegal activity.

4.14    Instead of addressing his concerns, Defendant terminated Plaintiff for reporting financial fraud, illegal behavior, Sarbanes Oxley violations, and legal non-compliance.

4.15    As a direct and proximate cause of Defendants' actions, Plaintiff has suffered severe economic and non-economic damages, all in amounts to be proven at trial.

COMPLAINT FOR DAMAGES
AND JURY DEMAND - 11

SKIDMORE | FOMINA, PLLC
1800 112th Ave. Suite 270E
Bellevue, WA 98004
Telephone: (425) 519-3656

## THIRD CAUSE OF ACTION
## RCW 50A.40.010

4.16   Plaintiff re-alleges and incorporates herein the preceding paragraphs of this Complaint.

4.17   RCW 50A.40.010 prohibits employers from interfering with, restraining or otherwise discharging or discriminating against an employee for attempting to or exercising rights under this chapter and opposing any practice made unlawful by this chapter.

4.18   Plaintiff exercised his rights under this chapter and opposed prohibited practices.

4.19   Defendant discharged and otherwise discriminated against Plaintiff and interfered with his exercise of rights under this Chapter.

4.20   Defendant did so willfully by engaging in a knowing and intentional action.

4.21   As a direct and proximate cause of Defendants' actions, Plaintiff has suffered severe economic and non-economic damages, all in amounts to be proven at trial.

### V.   JURY DEMAND

5.1   Plaintiff requests a trial by jury on all issues so triable.

### VI.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays judgment in his favor and for relief as follows:

6.1   Economic damages including back pay, front pay, other lost compensation, medical expenses, and lost benefits, all in the amount to be proven at trial;

6.2   Damages for actual compensatory, consequential, and incidental damages as alleged herein or as proven at trial;

6.3   Actual damages or statutory damages pursuant to RCW 49.44.211(7);

6.4   Damages, interest, liquidated damages, and other lost benefits pursuant to RCW 50A.40.030;

COMPLAINT FOR DAMAGES
AND JURY DEMAND - 12

Skidmore | Fomina, PLLC
1800 112th Ave. Suite 270E
Bellevue, WA  98004
Telephone: (425) 519-3656

6.5  Damages for loss of enjoyment of life, pain and suffering, mental anguish, emotional distress, and humiliation;

6.6  Prejudgment and post-judgment interest in an amount to be proven at trial;

6.7  Compensation for any tax penalty associated with a recovery;

6.8  Reasonable attorneys' fees and costs pursuant to RCW 49.44.211(7) and as otherwise allowed by any other statute or claim alleged herein, along with reasonable expert witness fees and other fees and costs incurred in prosecuting this action in an amount to be proven at trial; and

6.9  Any other relief this Court shall deem just and equitable.

DATED: October 3, 2023

/s/ Gregory M. Skidmore
Gregory M. Skidmore, WSBA #47462
Vera P. Fomina, WSBA #49388
Mason C. Hudon, WSBA #59925

*Attorneys for Plaintiff*

COMPLAINT FOR DAMAGES
AND JURY DEMAND - 13

**Skidmore | Fomina, PLLC**
1800 112th Ave. Suite 270E
Bellevue, WA 98004
Telephone: (425) 519-3656