UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GARY LEVY, an individual,

           Plaintiff,

    v.

GOOGLE LLC, a California company,

           Defendant.

Case No. 2:23-cv-01678-BJR

DEFENDANT'S ANSWER TO COMPLAINT

COMES NOW Defendant Google LLC ("Google"), by and through its attorneys of record, Miller Nash LLP, and answers Plaintiff's Complaint as follows.

## I.    **PARTIES**

1.1    In response to the allegations in Paragraph 1.1, Google admits the allegations based on Plaintiff's personnel records.

1.2    In response to Paragraph 1.2, Google admits Plaintiff is a former employee of Google LLC.

1.3    In response to Paragraph 1.3, Google admits the allegations contained therein.

1.4    The allegations in Paragraph 1.4 are vague and ambiguous; however, Google admits that it transacts business in King County, Washington as those terms are generally

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

understood.

1.5    In response to Paragraph 1.5, Google admits the allegations contained therein.

1.6    The allegations in Paragraph 1.6 contain a legal conclusion that does not require a response. To the extent a response is required, Google admits the allegations in Paragraph 1.6.

## II.    JURISDICTION AND VENUE

2.1    The allegations in Paragraph 2.1 contain a legal conclusion that does not require a response. To the extent a response is required, Google admits that the King County Superior Court had jurisdiction over this matter prior to removal under RCW 2.08.010.

2.2    The allegations in Paragraph 2.2 contain a legal conclusion that does not require a response. To the extent a response is required, Google admits that venue in King County was appropriate prior to removal under RCW 4.12.020.

## III.    FACTUAL ALLEGATIONS

3.1    In response to Paragraph 3.1, Google admits that it hired Plaintiff as a Strategic Partner Manager on December 18, 2017.

3.2    In response to Paragraph 3.2, Google admits that Plaintiff received a consistently meets expectations rating for Q1 2018 and Q3 2018 performance feedback.

3.3    In response to Paragraph 3.3, Google admits that Plaintiff received an exceeds expectations for Q1 2019 and Q3 2019 performance feedback.

3.4    In response to Paragraph 3.4, Google admits that Plaintiff received an exceeds expectations for Q3 2020 performance feedback.

3.5    In response to Paragraph 3.5, Google admits that it gave only one rating for performance feedback in 2020.

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

3.6     In response to Paragraph 3.6, Google admits that it partnered with VeriSilicon, Inc. on a project.

3.7     In response to Paragraph 3.7, Google admits that Plaintiff received an exceeds expectations rating for Q1 2021 performance feedback.

3.8     In response to Paragraph 3.8, Google admits that Plaintiff began reporting to Vikram Natarajan in June 2021.

3.9     In response to the allegations in Paragraph 3.9, Google admits the allegations contained therein.

3.10    In response to Paragraph 3.10, Google admits that Plaintiff received a Strongly Exceeds Expectations rating for Q3 2021.

3.11    In response to the allegations in Paragraph 3.11, Google admits that each of the statements included in Paragraph 3.11 appeared somewhere within the Q3 2021 performance feedback document provided to Plaintiff. Google further affirmatively alleges that Plaintiff received additional performance feedback for Q3 2021 in addition to the statements in Paragraph 3.11.

3.12    In response to the allegations in Paragraph 3.12, Google admits that Natarajan nominated Plaintiff for promotion to L7 on April 8, 2022, at the conclusion of Q1 2022.

3.13    In response to the allegations in Paragraph 3.13, Google admits that statements in Paragraph 3.13 appeared somewhere within the Q1 2022 performance feedback provided to Plaintiff. Google further affirmatively alleges that Plaintiff received additional performance feedback for Q3 2021 in addition to the statements in Paragraph 3.13.

3.14    In response to the allegations in Paragraph 3.14, Google admits the allegation

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

contained therein.

3.15    In response to the allegations in Paragraph 3.15, Google admits that it promoted Plaintiff effective May 1, 2022.

3.16    In response to the allegations in Paragraph 3.16, Google denies the allegations contained therein.

3.17    In response to the allegations in Paragraph 3.17, Google is without sufficient knowledge, information, or belief to admit or deny the allegations and therefore denies them.

3.18    In response to the allegations in Paragraph 3.18, Google admits the first sentence contained therein. Google further admits that Plaintiff had been working on the Verisilicon deal for some time prior to December 2022.  Given the vague nature of the remaining allegations in Paragraph 3.18, Google is without sufficient knowledge, information, or belief to admit or deny the remaining allegations and therefore denies them.

3.19    In response to the allegations in Paragraph 3.19, Google admits that Natarajan asked Plaintiff to draft an amendment to the Verisilicon contract in December of 2022. The remaining allegations in Paragraph 3.19 are vague and ambiguous; therefore, Google is without sufficient knowledge, information, or belief to admit or deny the remaining allegations and therefore denies them.

3.20    Given the vague nature of the allegations in Paragraph 3.20, Google is without sufficient knowledge, information, or belief to admit or deny the allegations and therefore denies them.

3.21    Given the vague nature of the allegations in Paragraph 3.21, Google is without sufficient knowledge, information, or belief to admit or deny the allegations and therefore denies

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

them.

3.22    Given the vague nature of the allegations in Paragraph 3.22, Google is without sufficient knowledge, information, or belief to admit or deny the allegations and therefore denies them.

3.23    In response to Paragraph 3.23, Google admits that Plaintiff stated that the change to the contract would result in payment of fees for work that was supposed to be completed at no charge. Given the vague nature of the allegations in Paragraph 3.23, Google is without sufficient knowledge, information, or belief to admit or deny the allegations and therefore denies them.

3.24    In response to Paragraph 3.24, Google admits that Plaintiff stated that the change to the contract would result in payment of fees for work that was supposed to be completed at no charge. Given the vague nature of the allegations in Paragraph 3.24, Google is without sufficient knowledge, information, or belief to admit or deny the allegations and therefore denies them.

3.25    In response to the allegations in Paragraph 3.25, Google is without sufficient knowledge, information, or belief to admit or deny the allegations and therefore denies them.

3.26    In response to the allegations in Paragraph 3.26, Google admits that Plaintiff stated that changes to the contract would result in violations of Sarbanes Oxley. Given the vague nature of the remaining allegations in Paragraph 3.26, Defendant is without sufficient knowledge, information, or belief to admit or deny the remaining allegations and therefore denies them. Defendant affirmatively alleges that amending the Verisilicon contract did not violate Sarbanes Oxley.

3.27    Given the vague nature of the allegations in Paragraph 3.27, Google is without sufficient knowledge, information, or belief to admit or deny the allegations and therefore denies

DEFENDANT'S ANSWER TO COMPLAINT - 5
Case No. 2:23-cv-01678-BJR

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

them.

3.28    In response to the allegations of Paragraph 3.28, Google admits that Perez took notes of a meeting that occurred on or about December 6, 2022 that included Gary Levy.

3.29    In response to the allegations in Paragraph 3.29, Google admits that the notes from the 12/6/22 meeting reflect that Paul Greco noted that we need to "negotiate aggressively" given that "we turned in a budget on 11/30 that is 13MM USD less than we project is needed…" All remaining allegations in Paragraph 3.29 are denied.

3.30    In response to the allegations in Paragraph 3.30, Google is without sufficient knowledge, information, or belief to admit or deny the allegations and therefore denies them.

3.31    In response to the allegations in Paragraph 3.31, Google is without sufficient knowledge, information, or belief to admit or deny the allegations and therefore denies them.

3.32    Given the vague nature of the allegations in Paragraph 3.32, Google is without sufficient knowledge, information, or belief to admit or deny the allegations and therefore denies them.

3.33    In response to the allegations in Paragraph 3.33, Google admits that Natarajan instructed Plaintiff to draft an amendment to the Verisilicon contract. Given the vague nature of the remaining allegations in Paragraph 3.33, Google is without sufficient knowledge, information, or belief to admit or deny the remaining allegations in Paragraph 3.33 and therefore denies them.

3.34    In response to the allegations in Paragraph 3.34, Google is without sufficient knowledge, information, or belief to admit or deny the allegations in Paragraph 3.34 and therefore denies them.

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

3.35    In response to the allegations in Paragraph 3.35, Google is without sufficient knowledge, information, or belief to admit or deny the allegations in Paragraph 3.35 and therefore denies them.

3.36    In response to the allegations in Paragraph 3.36, Google denies the allegations contained therein.

3.37    In response to the allegations of Paragraph 3.37, Google denies the allegations contained in the first sentence of Paragraph 3.37. Google further denies that its actions impacted Plaintiff's health. Given the vague nature of the remaining allegations in Paragraph 3.37, Google is without sufficient knowledge, information, or belief to admit or deny the allegations and therefore denies them.

3.38    In response to the allegations of Paragraph 3.38, Google is without sufficient knowledge, information, or belief to admit or deny the allegations and therefore denies them.

3.39    In response to the allegations of Paragraph 3.39, Google admits that Plaintiff stated he was ending the call for health reasons.

3.40    In response to the allegations of Paragraph 3.40, Google is without sufficient knowledge, information, or belief to admit or deny the allegations and therefore denies them.

3.41    In response to the allegations of Paragraph 3.41, Google admits that the call ended abruptly and admits that Plaintiff stated he was having health issues. Given the vague nature of the remaining allegations in Paragraph 3.41, Google is without sufficient knowledge, information, or belief to admit or deny the remaining allegations and therefore denies them.

3.42    In response to the allegations of Paragraph 3.42, Google is without sufficient information, knowledge, or belief to admit or deny the allegation and therefore denies it.

DEFENDANT'S ANSWER TO COMPLAINT - 7
Case No. 2:23-cv-01678-BJR

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

3.43    In response to the allegations of Paragraph 3.43, Google is without sufficient information, knowledge, or belief to admit or deny the allegation and therefore denies it.

3.44    In response to the allegations of Paragraph 3.44, Google admits the allegations contained therein.

3.45    In response to allegations of Paragraph 3.45, Google admits that Plaintiff discussed Mr. Natarajan during the meeting (along with other things) and stated he was having health issues and would look into taking a leave.  Given the vague nature of the remaining allegations of Paragraph 3.45, Google is without sufficient knowledge, information, or belief to admit or deny the allegations and therefore denies them.

3.46    In response to the allegations of Paragraph 3.46, Google admits that Plaintiff was approved for PFML dating back to December 9, 2022 with his estimated last day of leave to be February 14, 2023. Because Plaintiff was selected for layoff in January 2023, Google denies that he was approved for PFML through February 15, 2023.

3.47    In response to the allegations of Paragraph 3.47, Google admits that Plaintiff performed some work on December 12 and that the PFML/FMLA process had not been completed.

3.48    In response to the allegations of Paragraph 3.48, Google admits that Plaintiff met with the Verisilicon project team to discuss the project, the expenditures, and the budget. Given the vague nature of the remaining allegations in Paragraph 3.48, Google is without sufficient knowledge, information, or belief to admit or deny the allegations and therefore denies them.

3.49    In response to the allegations of Paragraph 3.49, Google admits that Plaintiff expressed concern regarding proposed changes to the Verisilicon contract because Verisilicon

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

had supposedly agreed to perform some work at "no cost" to Google. All remaining allegations in Paragraph 3.49 are denied.

3.50    In response to the allegations of Paragraph 3.50, Google admits that Perez took notes of the team meetings pertaining to the Verisilicon project.

3.51    In response to the allegations of Paragraph 3.51, Google admits that Perez's notes outline concerns raised by Plaintiff. Given the vague nature of the remaining allegations in Paragraph 3.51, Google is without sufficient knowledge, information, or belief to admit or deny the allegations and therefore denies them.

3.52    In response to the allegations in Paragraph 3.52, Google admits that Plaintiff was asked to attend a second meeting on December 12, 2022 with Jordan, Natarajan, Perez and others to discuss the Verisilicon project. Google denies all remaining allegations in Paragraph 3.52.

3.53    In response to the allegations in Paragraph 3.53, Google admits that Natarajan asked Plaintiff to get an amendment to the Verisilicon contract signed before December 22, 2022, in order to capture work already performed by Versilicon by the end of the year.

3.54    Given the vague nature of the allegations in Paragraph 3.54, Google is without sufficient knowledge, information, or belief to admit or deny the allegations and therefore denies them.

3.55    In response to the allegations of Paragraph 3.55, Google admits the allegations contained therein.

3.56    In response to the allegations of Paragraph 3.56, Google admits that the program notes indicate that Plaintiff was not in agreement with the proposed changes and left the meeting for ethical concerns. The remaining allegations are denied.

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

3.57     In response to the allegations of Paragraph 3.57, Google admits that Plaintiff replied "Disagree" to the Q4 2022 SOX Survey, but denies all remaining allegations in Paragraph 3.57.

3.58     In response to the allegations of Paragraph 3.58, Google admits that Plaintiff submitted a written complaint regarding the Verisilicon project on or about December 12, 2022. Given the vague nature of the remaining allegations in Paragraph 3.58, Google is without sufficient information, knowledge, or belief to admit or deny the allegations and therefore denies them.

3.59     In response to the allegations of Paragraph 3.59, Google admits that information submitted by Plaintiff was given number 216268249.

3.60   In response to the allegations in Paragraph 3.60 Google is without sufficient knowledge, information, or belief to admit or deny when he completed his submission for PFML leave since the application is submitted to a third party and therefore denies the allegation.

3.61     In response to the allegations in Paragraph 3.61, Google admits that Plaintiff emailed Ward on December 12, 2022. Google denies all remaining allegations in Paragraph 3.61.

3.62     In response to Paragraph 3.62, Google admits that several employees attempted to initiate contact with Plaintiff as part of a welfare check initiated by Google. Given the vague nature of the allegation in Paragraph 3.62 Google is without sufficient knowledge, information, or belief to admit or deny the allegations and therefore denies them.

3.63     In response to the allegations in Paragraph 3.63 Google is without sufficient knowledge, information, or belief to admit or deny the precise time that Plaintiff received the communication but admits that communications were sent to her personal device.

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

3.64    In response to the allegations in Paragraph 3.64, Google admits that as part of its welfare check, it asked Plaintiff to contact Google Security as soon as possible.

3.65    In response to the allegations of Paragraph 3.65, Google denies the allegations contained therein.

3.66    In response to the allegations of Paragraph 3.66, Google admits that Reggie Andal spoke with Plaintiff on December 13, 2022.

3.67    In response to the allegations in Paragraph 3.67 Google is without sufficient knowledge, information, or belief to admit or deny the allegations and therefore denies them.

3.68    In response to the allegations in Paragraph 3.68 Google is without sufficient knowledge, information, or belief to admit or deny the allegations and therefore denies them.

3.69    In response to the allegations of Paragraph 3.69, Google denies the allegations contained therein.

3.70    In response to the allegations of Paragraph 3.70, Google admits that      Erica Saffold is a People Consultant and is part of Google's People Operations team.

3.71    In response to the allegations of Paragraph 3.71, Google is without sufficient information, knowledge, or belief to admit or deny the allegations and therefore denies them.

3.72    Given the vague nature of the allegations in Paragraph 3.72, Google is without sufficient information, knowledge, or belief to admit or deny the allegations and therefore denies them.

3.73    In response to the allegations in Paragraph 3.73, Google admits that Plaintiff submitted additional information regarding his concerns with the Verisilicon contract on December 12, 2022 and avers that the document speaks for itself. All remaining allegations are

DEFENDANT'S ANSWER TO COMPLAINT - 11
Case No. 2:23-cv-01678-BJR

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

denied.

3.74    In response to the allegations in Paragraph 3.74, Google admits that one of Plaintiff's submissions was recorded as POPs Request 02157802. Given the vague nature of the remaining allegations in Paragraph 3.74, Google is without sufficient information, knowledge, or belief to admit or deny the allegations and therefore denies them.

3.75    In response to the allegations in Paragraph 3.75, Google admits that Plaintiff emailed Google at the identified email and further avers that the document speaks for itself. All remaining allegations are denied.

3.76    In response to the allegations of Paragraph 3.76, Google admits that Plaintiff emailed Ward on December 14, 2022 regarding his concern that Natarajan is the contact for his leave and avers that the emails speak for themselves.

3.77    In response to the allegations of Paragraph 3.77, Google admits that Plaintiff's leave was ultimately approved effective December 9, 2022 with an estimated return date of February 14, 2023.

3.78    In response to the allegations in Paragraph 3.78, Google admits that Saffold was a contact for POps Request 02157802. All remaining allegations are denied.

3.79    In response to the allegations in Paragraph 3.79, Google admits the allegations contained therein and avers that the email speaks for itself.

3.80    In response to the allegations in Paragraph 3.80, Google admits that it terminated Plaintiff due to a reduction in force and that his position was eliminated. Google avers that the email speaks for itself.  All remaining allegations in Paragraph 3.80 are denied.

3.81    In response to the allegations in Paragraph 3.81, Google admits that allegations

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

and avers that the email from Anna Raske speaks for itself.

3.82    In response to the allegations in Paragraph 3.82, Google admits the allegations contained therein and avers that the email speaks for itself.

3.83    In response to the allegations of Paragraph 3.83, Google denies the allegations contained therein.

## IV.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Retaliation RCW 49.44211(3)

4.1    Defendant realleges and incorporates its response to the preceding paragraphs of this Complaint.

4.2    The allegations in Paragraph 4.2 contain a legal conclusion that does not require a response. To the extent a response is required, Google admits that the allegations in Paragraph 4.2 are a correct description of the law, but denies any implied assertion that Google engaged in conduct that violates RCW 49.44.211 (3).

4.3    In response to the allegation in Paragraph 4.3, Google admits that Plaintiff opposed making changes to the Verisilicon contract and stated he was a Sarbanes Oxley whistleblower. All remaining allegations of Paragraph 4.3 are vague and ambiguous; therefore, Google lacks sufficient information, knowledge, or belief to admit or deny the remaining allegations of Paragraph 4.3 and therefore denies them.

4.4    In response to the allegations in Paragraph 4.4, Google denies that it refused to take any action to address Plaintiff's complaints. Google admits that it did not make changes to its proposed course of action based on Plaintiff's allegations because there was no violation of Sarbanes Oxley.

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

4.5     In response to the allegations in Paragraph 4.5, Google denies the allegations contained therein.

4.6     In response to the allegations in Paragraph 4.6, Google denies the allegations contained therein.

4.7     In response to the allegations in Paragraph 4.7, Google denies the allegations contained therein.

4.8     In response to the allegations in Paragraph 4.8, Google denies that it engaged in conduct that caused Plaintiff to suffer damages and further denies that Plaintiff is entitled to damages at trial.

## SECOND CAUSE OF ACTION
### Wrongful Termination in Violation of Public Policy

4.9     Defendant realleges and incorporates its response to the preceding paragraphs of this Complaint.

4.10    The allegations in Paragraph 4.10 contain a legal conclusion that does not require a response. To the extent a response is required, Google denies the allegations contained therein including any implied assertion that Google engaged in conduct that is illegal, that violates Washington public policy or common law, or that is protected by SOX or other financial regulations.

4.11    In response to the allegation in Paragraph 4.11, Google admits that Plaintiff stated in a meeting that included his Vik and certain members from Google's legal and compliance team his belief that certain action would constitute a violation of Sarbanes Oxley. All remaining allegations of Paragraph 4.11 are vague and ambiguous; therefore, Google lacks sufficient

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

information, knowledge, or belief to admit or deny the remaining allegations of Paragraph 4.11 and therefore denies them.

4.12    The allegations of Paragraph 4.12 are vague and ambiguous; therefore, Google lacks sufficient information, knowledge, or belief to admit or deny the remaining allegations of Paragraph 4.12 and therefore denies them.

4.13    The allegations of Paragraph 4.13 are vague and ambiguous; therefore, Google lacks sufficient information, knowledge, or belief to admit or deny the remaining allegations of Paragraph 4.13 and therefore denies them.

4.14    In response to the allegations in Paragraph 4.14, Google denies the allegations contained therein.

4.15    In response to the allegations in Paragraph 4.15, Google denies that it engaged in conduct that caused Plaintiff to suffer damages and further denies that Plaintiff is entitled to damages at trial.

### THIRD CAUSE OF ACTION
### RCW 50A.40.010

4.16    Google realleges and incorporates its response to the preceding paragraphs of this Complaint.

4.17    The allegations in Paragraph 4.17 contain a legal conclusion that does not require a response. To the extent a response is required, Google admits that pursuant to RCW 50A.40.010, it is unlawful for any employer to (a) interfere with, restrain, or deny the exercise of, or the attempt to exercise, any valid right provided under this title; or (b) discharge or in any other manner discriminate against any employee for opposing any practice made unlawful by

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

this title. Google denies any implied assertion that Google engaged in conduct that violates RCW 50A.40.010.

4.18    The allegations of Paragraph 4.18 are vague and ambiguous; therefore, Google lacks sufficient information, knowledge, or belief to admit or deny the allegations of Paragraph 4.18 and therefore denies them.

4.19    In response to the allegations in Paragraph 4.19, Google denies the allegations contained therein.

4.20    In response to the allegations in Paragraph 4.20, Google denies the allegations contained therein.

4.21    In response to the allegations in Paragraph 4.21, Google denies that it engaged in conduct that caused Plaintiff to suffer damages and further denies that Plaintiff is entitled to damages at trial.

## I.    GENERAL DENIAL

Google denies all allegations that are not expressly admitted.

## II.    AFFIRMATIVE DEFENSES

By way of affirmative defense to the allegations of Plaintiff's Complaint, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, or any purposed claim for relief alleged therein, is barred in whole or in part because assuming *arguendo* that discriminatory or retaliatory reasons were a factor in any employment decision involving Plaintiff, Defendant would have made the same employment decision with regard to Plaintiff in any case for legitimate, non-discriminatory, non-retaliatory

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

business reasons.

## SECOND AFFIRMATIVE DEFENSE

Defendant acted in good faith at all times relevant herein. No acts attributed to any Defendant were taken with willfulness, malice, or reckless indifference.

## THIRD AFFIRMATIVE DEFENSE

All decisions and actions regarding Plaintiff's employment were done in the exercise of proper managerial discretion and in good faith, based upon legitimate business necessity or justification. All actions taken by Defendant with respect to Plaintiff were taken for legitimate, nondiscriminatory and nonretaliatory business reasons.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, must be offset by payments Plaintiff received from third-parties, including but not limited to, unemployment compensation or Paid Family Leave benefits.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each purported cause of action alleged therein are barred by the doctrine of unclean hands, waiver or estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred in whole or in part from recovering any damages, or any recovery must be reduced, to the extent Plaintiff failed to exercise reasonable diligence to mitigate his alleged damages.

Google reserves the right to assert by supplemental pleading any affirmative defense or counterclaims.

## V.    PRAYER FOR RELIEF

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendant requests the following relief:

7.1.    Plaintiff's claims be dismissed with prejudice;

7.2.    Defendant be awarded its costs and attorney fees; and

7.1.    That the Court award any other remedy it deems appropriate.

DATED this 11th day of December, 2023.

*s/April Upchurch Fredrickson*

April Upchurch Fredrickson, WSBA No. 31910
april.fredrickson@millernash.com
MILLER NASH LLP
605 5th Ave S, Ste 900
Seattle, WA 98104
Telephone: (206) 624-8300
Facsimile: (206) 340-9599

Attorneys for Defendant Google LLC

DEFENDANT'S ANSWER TO COMPLAINT - 18
Case No. 2:23-cv-01678-BJR

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

1

## CERTIFICATE OF SERVICE

2          I hereby certify that on December 11, 2023, I electronically filed the foregoing

3  with the Clerk of the Court using the CM/ECF system which will send notification of such filing

4  to the following:

5
   Gregory M. Skidmore
6  Vera P. Fomina
   Mason C. Hudon                          ☐ via Hand Delivery
7  SKIDMORE FOMINA, PLLC                   ☐ via U.S. Mail
   1800 112ᵗʰ Ave, Ste 270E               ☐ via E-Service
8  Bellevue, WA 98004                      ☐ via Email
                                           ☑ via CM/ECF
9

10

11         Under the laws of the United States of America and the state of Washington, the

12  undersigned hereby declares, under penalty of perjury, that the foregoing statements are true and

13  correct to the best of my knowledge.

14         Signed at Seattle, Washington, on December 11, 2023.

15                                         _s/Elizabeth Pitman_____
16                                         Elizabeth Pitman, Legal Assistant

17
   4868-5760-6280.3
18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE - 1
Case No. 2:23-cv-01678-BJR