1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GARY LEVY, an individual,

       Plaintiff,

   v.

GOOGLE LLC, a California company,

       Defendant.

Case No. 2:23-cv-01678-BJR

STIPULATED PROTECTIVE ORDER FOR
THE TREATMENT OF CONFIDENTIAL
INFORMATION

To expedite the production of confidential, proprietary, or private information for which

special protection from public disclosure is necessary, to facilitate the prompt resolution of

disputes over confidentiality of such information, to adequately protect information the parties

are entitled to keep confidential, to ensure that only the materials the parties are entitled to keep

confidential are subject to such treatment, and to ensure that the parties are permitted reasonably

necessary uses of confidential material in preparation for and in the conduct of this litigation, the

parties hereby stipulate to and petition the Court to enter the following Stipulated Protective

Order ("Order" or "Protective Order"). It is hereby ORDERED THAT:

## I.    INFORMATION SUBJECT TO THIS ORDER

###     A.    Protected Information Generally

       1.    All documents, tangible things, physical objects, written discovery

responses, testimony, or other information produced by the producing party in this litigation is

STIPULATED PROTECTIVE ORDER FOR THE TREATMENT OF
CONFIDENTIAL INFORMATION - 1
Case No. 2:23-cv-01678-BJR

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

considered "Discovery Material."  Each of the identified categories of confidential Discovery Material shall be identified collectively in this Order as "Protected Information." This Order applies not only to Discovery Material produced in this litigation, but also to any information copied or extracted therefrom or otherwise reflecting Protected Information, in any form.  Any Discovery Material containing or including Protected Information may be designated as such by the producing party by marking it "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" prior to or at the time copies are furnished to the receiving party, and shall be treated in accordance with the terms of this Order.

2.	All Protected Information not reduced to documentary, tangible or physical form, or which cannot be conveniently designated as set forth in paragraph I.A.1 or pursuant to another confidentiality designation set forth in this Order, shall be designated by the producing party by informing the receiving party of the designation in writing.

3.	Any Discovery Material (including physical objects and tangible things) made available for inspection by counsel for the receiving party prior to producing copies of items selected by the receiving party shall initially be considered, as a whole, to constitute Protected Information (unless otherwise designated at the time of inspection) and shall be subject to this Order.  Thereafter, the producing party shall have a reasonable time to review and designate the appropriate documents as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY prior to furnishing copies to the receiving party.

4.	Any Protected Information that is obtained by any party from any person pursuant to discovery in this litigation (not including information that is publicly available) shall be used solely for purposes of this litigation.

5.	Nothing in this Order shall limit any producing party's use or disclosure of its own Protected Information.

6.	The following Discovery Material is not Protected Information:

STIPULATED PROTECTIVE ORDER FOR THE TREATMENT OF
CONFIDENTIAL INFORMATION - 2
Case No. Case No. 2:23-cv-01678-BJR

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

a.      Any Discovery Material that is or, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such material;

b.      Any Discovery Material that the receiving party can show was already publicly known prior to the disclosure; and,

c.      Any Discovery Material that the receiving party can show by written records was received by it from an alternate source that obtained the material lawfully and under no obligation of confidentiality to the producing party.

**B.      Protected Information Designated Confidential**

1.      For purposes of this Order, and subject to LCR 26 (c) and LCR 5(g), Protected Information designated CONFIDENTIAL shall mean all Discovery Material produced for or disclosed in connection with this action to a receiving party that constitutes confidential or commercially sensitive technical, sales, marketing, personal, medical, third party personnel, allegations of legal or compliance violations, or financial information of the producing party (including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order in connection with this action), or information that the producing party is under a legal obligation to maintain as confidential, whether embodied in documentary, tangible or physical form, or the factual knowledge of persons, and which has been so designated by the producing party.

2.      Protected Information designated CONFIDENTIAL and the contents therein shall be available only to:

a.      Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, law clerks, project managers and litigation support personnel;

b.      Plaintiff, Defendants, and the Defendants' officers, directors, and

STIPULATED PROTECTIVE ORDER FOR THE TREATMENT OF
CONFIDENTIAL INFORMATION - 3
Case No. Case No. 2:23-cv-01678-BJR

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

employees to whom disclosure is reasonably necessary for this litigation, including in-house counsel who are members of at least one state bar in good standing, and supporting personnel employed by the legal department of any party to this litigation;

c.     Independent contractors engaged by counsel of record for the parties, to the extent reasonably necessary to assist such counsel in connection with this litigation, including but not limited to (i) independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; (ii) graphics or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the action; and (iii) electronic discovery vendors retained to assist with the organization and management of electronic discovery, provided that such persons or entities have first been given a copy of this Order and have executed the Confidentiality Agreement attached hereto as Attachment A;

d.     Any fact witness during the course of a deposition;

e.     Any expert witness retained by either party; and

f.     The Court, its personnel, and any other person (such as a master or mediator) who serves in a judicial or quasi-judicial function, professional stenographic reporters engaged to transcribe testimony (under seal or with other suitable precautions determined by the Court), and jurors.

**C.     Protected Information Designated CONFIDENTIAL – OUTSIDE COUNSEL ONLY**

1.     For purposes of this Order, and subject to LCR 26 (c) and LCR 5(g), Protected Information designated CONFIDENTIAL – OUTSIDE COUNSEL ONLY shall mean Protected Information that contains extremely sensitive information, the disclosure of which to another party would create a risk of competitive injury that could not be avoided by less restrictive means.  Protected Information designated CONFIDENTIAL – OUTSIDE COUNSEL ONLY includes, but is not limited to: (i) marketing, financial, sales, web traffic, research and

STIPULATED PROTECTIVE ORDER FOR THE TREATMENT OF
CONFIDENTIAL INFORMATION - 4
Case No. Case No. 2:23-cv-01678-BJR

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

development, or technical, data or information; (ii) commercially sensitive competitive information, including, without limitation, information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"); (iii) information or data relating to future products not yet commercially released and/or strategic plans; (iv) trade secret, or other confidential research and development information; and (v) commercial agreements, settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party.

2.    Protected Information alternatively designated "CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" shall be treated as if designated CONFIDENTIAL – OUTSIDE COUNSEL ONLY.  In determining whether Protected Information should be designated as CONFIDENTIAL – OUTSIDE COUNSEL ONLY, each party agrees to use such designation only in good faith.

3.    Protected Information designated CONFIDENTIAL – OUTSIDE COUNSEL ONLY and the contents therein shall be available only to the persons or entities listed in paragraphs I.B.2.a, c, d, e and f, subject to any terms set forth or incorporated therein, and not to any person or entity listed in paragraph I.B.2.b.

## II.    USE OF PROTECTED INFORMATION AT HEARING OR TRIAL

The following provisions govern the treatment of Protected Information used at hearing or trial or submitted as a basis for adjudication of matters other than discovery motions or proceedings. These provisions are subject to LCR 26(c) and LCR 5(g) and must be construed in light of those Rules.

1.    A party that files with the Court, or seeks to use at trial, materials designated as Protected Information, and who seeks to have the record containing such information sealed, shall submit to the Court a motion to seal, pursuant to LCR 5(g). Prior to filing a motion to seal, the parties will explore all alternatives to filing a document under seal.

STIPULATED PROTECTIVE ORDER FOR THE TREATMENT OF
CONFIDENTIAL INFORMATION - 5
Case No. Case No. 2:23-cv-01678-BJR

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

a.      If the party seeks to file the document under seal because another party has designated it as confidential during discovery, the filing party and the designating party must meet and confer to determine whether the designating party will withdraw the confidential designation or will agree to redact the document so that sealing is unnecessary.

b.      As required by LCR 5(g), the Parties agree to protect sensitive information by redacting sensitive information (including, but not limited to, the mandatory redactions of LCR 5.2) that the court does not need to consider.

2.      A party that files with the Court, or seeks to use at any hearing or trial, materials designated as Protected Information by anyone other than itself, and who does not seek to have the record containing such information sealed, shall comply with either of the following requirements:

a.      The submitting party shall provide a minimum of ten (10) business days' notice to the producing party of the submitting party's intention to file or use the Protected Information, including specific identification of the Protected Information. The producing party may then file a motion to seal, pursuant to LCR 5(g)(2). Subject to challenges under section III, the parties will not oppose any reasonable request by the producing party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Information; or

b.      At the time of filing or desiring to use the Protected Information, the submitting party shall submit the materials pursuant to the filing-under-seal provision of LCR 5(g)(2)(B) and shall also simultaneously file a motion or stipulated motion to seal. Documents filed pursuant to LCR 5(g)(2)(B)  shall bear the legend "FILED UNDER SEAL" on the first page of the document.

3.      A motion to seal a document, even if it is a stipulated motion, must include the following:

a.      A certification that the party has met and conferred with all other

STIPULATED PROTECTIVE ORDER FOR THE TREATMENT OF
CONFIDENTIAL INFORMATION - 6
Case No. Case No. 2:23-cv-01678-BJR

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

parties in an attempt to reach agreement on the need to file the document under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal; this certification must list the date, manner, and participants of the conference.

      b.     A specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of:

          i.     the legitimate private or public interests that warrant the relief sought;

          ii.     the injury that will result if the relief sought is not granted; and

          iii.     why a less restrictive alternative to the relief sought is not sufficient

      c.     Evidentiary support from declarations where necessary.

      d.     A party filing a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(b) above. Instead, the party who designated the document confidential must satisfy subpart (3)(b) in its response to the motion to seal or in a stipulated motion.

      4.     The parties agree to minimize the number of documents it files under seal and the length of each document it files under seal. Where the document to be sealed is an exhibit to a document filed electronically, an otherwise blank page reading "EXHIBIT __ FILED UNDER SEAL" shall replace the exhibit in the document filed without sealing, and the exhibit to be filed under seal shall be filed as a separate sealed docket entry. Where the document to be sealed is a declaration, the declaration shall be filed as a separate sealed docket entry.

      5.     Only in rare circumstances should a party file a motion, opposition, or reply under seal. A party who cannot avoid including confidential information in a motion, opposition, or reply must follow this procedure:

STIPULATED PROTECTIVE ORDER FOR THE TREATMENT OF
CONFIDENTIAL INFORMATION - 7
Case No. Case No. 2:23-cv-01678-BJR

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

a.      The party shall redact the confidential information from the motion, opposition, or reply and publicly file the redacted motion, opposition, or reply; and

b.      The party shall file the unredacted motion, opposition, or reply under seal, accompanied by a motion or stipulated motion to seal the unredacted motion, opposition, or reply in compliance with part (3) above.

## III.    CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

### A.      Use of Reasonable Care and No Waiver

The parties shall use reasonable care when designating Protected Information.  Nothing in this Order shall prevent a receiving party from contending that any Protected Information has been improperly designated.  A receiving party may at any time request that the producing party cancel or modify the Protected Information designation with respect to any document or any information contained therein.

### B.      Objections to Confidentiality Designations

A party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that a party objects to the designation of Protected Information, such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the Protected Information that the receiving party contends should be differently designated.  The parties shall use their best efforts to resolve promptly and informally such disputes and shall advise one another of both the factual and legal basis for their respective positions.  If an agreement cannot be reached within seven (7) days, the receiving party shall request that the Court cancel or modify a designation.  The burden of demonstrating the confidential nature of Protected Information shall at all times be and remain on the designating party.

STIPULATED PROTECTIVE ORDER FOR THE TREATMENT OF
CONFIDENTIAL INFORMATION - 8
Case No. Case No. 2:23-cv-01678-BJR

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

**C.     Treatment of Protected Information During Challenge to a Designation**

Unless otherwise resolved by agreement between the parties, until a determination by the Court, the Protected Information in issue shall be treated as having been properly designated and subject to the terms of this Order.  Notwithstanding any challenge to the designation of material as Protected Information, all documents shall be treated as such and shall be subject to the provisions of this Order unless and until either (1) the party who claims that the material is Protected Information withdraws such designation in writing; or (2) the Court rules the material is not Protected Information.

## IV.     LIMITATIONS ON THE USE OF PROTECTED INFORMATION

**A.     Restrictions on Use**

All Discovery Material shall be used only for purposes of this litigation and shall not be used for any business purpose or in connection with any other legal proceeding. All Protected Information shall be held in confidence by each person to whom it is disclosed and shall not be disclosed to any person who is not entitled to receive such Protected Information as herein provided.  All produced Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such Protected Information.

**B.     Examinations and Court Filings Concerning Protected Information**

Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Information of which such person has prior knowledge.  Without in any way limiting the generality of the foregoing:

1.     A present director, officer, and/or employee of a producing party may be examined and may testify concerning all Protected Information which has been produced by that party and of which the witness has personal knowledge;

2.     A former director, officer, agent and/or employee of a producing party may be interviewed, examined and may testify concerning all Protected Information of which he or she has personal knowledge, including any Protected Information that refers to matters of

STIPULATED PROTECTIVE ORDER FOR THE TREATMENT OF
CONFIDENTIAL INFORMATION - 9
Case No. Case No. 2:23-cv-01678-BJR

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

which the witness has personal knowledge, which has been produced by that party and which pertains to the period or periods of his or her employment; and

3.    Non-parties may be examined or testify concerning any Protected Information of a producing party, which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the producing party or a representative of the producing party.  Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination concerning such Protected Information, unless the producing party consents to persons other than qualified recipients being present at the examination.  If the witness is represented by an attorney who is not qualified under this Order to receive such Protected Information, then prior to the examination, the attorney must provide a signed statement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Information disclosed during the course of the examination.  In the event that such attorney declines to sign such a statement prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Information.

4.    Every fact witness shall be informed at the start of a deposition that he or she may be shown documents designated as Protected Information in this litigation, and that such Protected Information and the contents therein are being furnished to the witness solely for use in this litigation.  Every fact witness shall be shown a copy of this Order.  No fact witness may retain any documents designated as Protected Information.

5.    All portions of transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court that have been designated as Protected Information, or which contain information so designated, shall be filed under seal in a manner set forth by the LCR 5(g) of this Court.  This Protective Order creates no

STIPULATED PROTECTIVE ORDER FOR THE TREATMENT OF
CONFIDENTIAL INFORMATION - 10
Case No. Case No. 2:23-cv-01678-BJR

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

right to file Protected Information under seal.  To avoid unnecessary sealing of Court records and motion practice relating to sealed filings, any party preparing a filing with the Court that may contain Protected Information may identify to the producing party or non-party the specific Protected Information at issue and request a waiver of the confidentiality protections for that specific Protected Information.  Upon receipt of such a request to waive confidentiality protections, the producing party or non-party shall respond in good faith within two (2) business days.

6.     Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved.  No material or copies thereof so filed shall be released, except by order of the Court, to outside counsel of record, or as otherwise provided for hereunder.

7.     Protected Information shall not be copied or otherwise produced by a receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further order of the Court.  Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of Protected Information designated CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY for use in connection with this litigation, and such working copies, abstracts, digests and analyses shall be deemed Protected Information under the terms of this Order.  Further, nothing herein shall restrict a qualified recipient from converting or translating Protected Information designated CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY into machine-readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

STIPULATED PROTECTIVE ORDER FOR THE TREATMENT OF
CONFIDENTIAL INFORMATION - 11
Case No. Case No. 2:23-cv-01678-BJR

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

8.     Testimony given at deposition may be designated as Protected Information by outside litigation counsel of record by making a statement orally to that effect and specifying the level of protection being asserted on the record at any time during the deposition.  Within twenty (20) business days of receipt of the final certified transcript of any deposition, the producing party may request that the original and all copies of the deposition transcript, in whole or in part, be marked CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY.  Confidential designations shall be made by notifying all parties in writing of the specific pages and lines of the transcript that should be treated as Protected Information.  Deposition transcripts shall be treated by default as CONFIDENTIAL – OUTSIDE COUNSEL ONLY until the expiration of the time to make a confidentiality designation unless otherwise agreed to by the parties.  Any portions so designated shall thereafter be treated in accordance with the terms of this Order.  Objections to confidentiality designations under this paragraph shall be governed by the procedure set forth in section III above.

### C.     Unauthorized Disclosure of Protected Information

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Order, the receiving party must immediately: (i) notify in writing the producing party of the unauthorized disclosure(s); (ii) use its best efforts to retrieve all copies of the Protected Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request that such person or persons execute the confidentiality agreement attached hereto as Attachment A.  Compliance with this paragraph V.C  upon the discovery of an unauthorized disclosure of Protected Information is mandatory and shall not excuse a violation of this Order of exempt a violating party from sanctions pursuant to paragraph V.D  below.

If a Receiving Party or person authorized to access Protected Material ("Authorized Recipient") discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to another party's Protected Material, the Receiving

STIPULATED PROTECTIVE ORDER FOR THE TREATMENT OF
CONFIDENTIAL INFORMATION - 12
Case No. Case No. 2:23-cv-01678-BJR

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

Party or Authorized Recipient shall: (1) promptly stop the unauthorized breach; (2) promptly (within 72 hours) provide written notice to Designating Party of such breach, including information regarding the size and scope of the breach; and (3) investigate and make reasonable efforts to remediate the effects of the breach.  In any event, the Receiving Party or Authorized Recipient shall promptly take all necessary and appropriate corrective action to terminate any unauthorized access.

### D.      Violations

If any party violates the limitations on the use of Protected Information as described in this section IV, the party violating this Order shall be subject to sanctions as ordered by the Court.  In the event motion practice is required to enforce the terms of this Order, the prevailing party on such a motion shall be awarded costs, expenses, and fees, including attorney or other professional fees, incurred in connection with the discovery of the violation and the preparation, filing, and arguing of the motion or any other proceedings resulting from the violation.

## V.      NON-PARTY USE OF THIS PROTECTIVE ORDER

### A.      Purpose

A non-party producing Discovery Material voluntarily or pursuant to a subpoena or a court order may designate such Discovery Material as Protected Information pursuant to the terms of this Protective Order.

### B.      Non-Party Access

A non-party's use of this Protective Order to protect its Protected Information does not entitle that non-party access to the Protected Information produced by any party or non-party in this case.

## VI.      NO WAIVER OF PRIVILEGE

When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to

STIPULATED PROTECTIVE ORDER FOR THE TREATMENT OF
CONFIDENTIAL INFORMATION - 13
Case No. Case No. 2:23-cv-01678-BJR

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim. In addition, information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced.

Any disclosure of communications, information, or documents covered by the attorney-client privilege or work-product protection is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Accordingly, the provisions of Federal Rule of Evidence 502(b) do not apply, and the disclosing party is not required to satisfy the elements of Rule 502(b) to properly assert the attorney-client privilege or work-product protection over disclosed communications, information, and documents.

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of communications, information, or documents for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

## VII. MISCELLANEOUS PROVISIONS

### A. Waiver

Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by the attorney-in-charge for the party against whom such waiver will be effective.

STIPULATED PROTECTIVE ORDER FOR THE TREATMENT OF
CONFIDENTIAL INFORMATION - 14
Case No. Case No. 2:23-cv-01678-BJR

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

**B.    Inadvertent or Unintentional Production of Protected Information**

Inadvertent or unintentional production of documents or things containing Protected Information which are not designated as one or more of the three categories of Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  With respect to documents, the producing party shall immediately upon discovery notify the other parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend.  In the event of any disclosure of Protected Information other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form.  Compliance with the foregoing shall not prevent the producing party from seeking further relief from the Court.

**C.  Data Security.**

Any person in possession of Protected Material will maintain appropriate administrative, technical, and organizational safeguards ("Safeguards") that protect the security and privacy of Protected Material. The Safeguards will meet or exceed relevant industry standards and limit the collection, storage, disclosure, use of, or access to Protected Material solely to personnel and purposes authorized by this Order. As part of these Safeguards, each person will use a secure transfer method for all transfers or communication of Protected Material, and take reasonable measures to password protect and encrypt Protected Material. Each person will ensure that anyone acting on that person's behalf is subject to the Safeguards or otherwise provides equivalent or greater protections for the security and privacy of Protected Material. If Protected Material is to be used during a deposition, the Designating Party shall be permitted to specify the

STIPULATED PROTECTIVE ORDER FOR THE TREATMENT OF
CONFIDENTIAL INFORMATION - 15
Case No. Case No. 2:23-cv-01678-BJR

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

technology to be used to conduct the deposition with respect to that Protected Material (e.g., for audio/video-conferencing and exhibits).

### D. Conclusion of Litigation

Within sixty (60) business days after the entry of a final non-appealable judgment or order, or the expiration of the deadline for any party to appeal any final judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall, at the option of the producing party, either return or destroy all physical objects and documents which embody Protected Information it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to any category of Protected Information. All Protected Information not embodied in physical objects and documents shall remain subject to this Order. In the event that a party is dismissed before the entry of a final non-appealable judgment or order, this same procedure shall apply to any Protected Information received from or produced to the dismissed party. Notwithstanding this provision, outside litigation counsel of record are not required to delete Protected Information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business. Notwithstanding the foregoing, outside counsel shall be entitled to maintain two (2) copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any Protected Information designated CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY for archival purposes only. If a party opts to destroy Protected Information designated CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY, the party must provide a Certificate of Destruction to the producing party.

STIPULATED PROTECTIVE ORDER FOR THE TREATMENT OF
CONFIDENTIAL INFORMATION - 16
Case No. Case No. 2:23-cv-01678-BJR

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

**D.     Subpoenas**

If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party or non-party who has produced such documents and to its counsel, and shall provide each such party with an opportunity to object to the production of such documents.  If a producing party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto, but shall take all reasonable measures to have such documents treated in accordance with terms of this Protective Order.

**E.     Communications with Testifying Experts**

Testifying experts shall not be subject to discovery of any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery.  In addition, all communications between counsel for a party and that party's testifying expert, and all materials generated by a testifying expert with respect to that person's work, are exempt from discovery unless they relate to the expert's compensation or identify facts, data or assumptions relied upon by the expert in forming any opinions in this litigation and such information is not already disclosed in the expert's report.

**F.     Post-Filing Communications**

No party shall be required to identify on their respective privilege log any document or communication dated on or after the filing of the lawsuit, which absent this provision, the party would have been obligated to so identify on said privilege log. Each party shall prepare a privilege log consistent with the provisions of C.C.P. § 2031.240(c) and shall exchange their respective privilege logs at a time to be agreed upon by the parties following the production of documents.

STIPULATED PROTECTIVE ORDER FOR THE TREATMENT OF
CONFIDENTIAL INFORMATION - 17
Case No. Case No. 2:23-cv-01678-BJR

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

1
2
3
4
5
6
7
8

### G.    Modification of Protections

This Order is entered without prejudice to the right of any party, either by agreement with other parties to this action, or by applying to the Court if agreement cannot be reached among parties, to extend additional protection, or to reduce or rescind the restrictions of this Order, when convenience or necessity requires.   Furthermore, without application to the Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

9
10
11
12
13

### G.    No Agreement Concerning Discoverability

The identification or agreed upon treatment of certain types of Discovery Material does not reflect agreement by the parties that the disclosure of such categories of Discovery Material is required or appropriate in this action.  The parties reserve the right to argue that any particular category of Discovery Material should not be produced.

14

### H.    No Limitation on Legal Representation

15
16
17
18
19

Nothing in this Protective Order shall preclude or impede outside litigation counsel of record's ability to communicate with or advise their client in connection with this litigation based on such counsel's review and evaluation of Protected Information, provided however, that such communications or advice shall not disclose or reveal the substance or content of any Protected Information other than as permitted under this Protective Order.

20

### I.    Agreement Upon Execution

21
22
23

Each of the parties agrees to be bound by the terms of this Protective Order as of the date counsel for such party executes this Protective Order, even if prior to entry of this order by the Court.

24

### J.    Interpretation, Enforcement and Continuing Jurisdiction

25
26

United States District Court, Western District of Washington at Seattle is responsible for the interpretation and enforcement of this Protective Order.  After termination of this litigation,

STIPULATED PROTECTIVE ORDER FOR THE TREATMENT OF
CONFIDENTIAL INFORMATION - 18
Case No. Case No. 2:23-cv-01678-BJR

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

1
2
3
4
5
6
7
8

the provisions of this Protective Order shall continue to be binding except with respect to that Discovery Material that becomes a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provisions of this Protective Order following termination of this litigation.  All disputes concerning Protected Information produced under the protection of this Protective Order shall be resolved by United States District Court, Western District of Washington at Seattle.

9
10

DATED this 6th day of September, 2024.

11
12
13
14
15

*s/April Upchurch Fredrickson*
April Upchurch Fredrickson, WSBA No. 31910
april.fredrickson@millernash.com
MILLER NASH LLP
605 5th Ave S, Ste 900
Seattle, WA 98104
Telephone: (206) 624-8300
Facsimile: (206) 340-9599

16
17

Attorneys for Defendant Google LLC

18
19
20
21
22

*s/Gregory M. Skidmore*
Gregory M. Skidmore, WSBA No. 47462
Vera P. Fomina, WSBA No. 49388
Mason C. Hudon, WSBA No. 59925
SKIDMORE FOMINA, PLLC
1800 112th Ave, Ste 270E
Bellevue, WA 98004

23

Attorneys for Plaintiff Gary Levy

24
25
26

STIPULATED PROTECTIVE ORDER FOR THE TREATMENT OF
CONFIDENTIAL INFORMATION - 19
Case No. Case No. 2:23-cv-01678-BJR

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

IT IS SO ORDERED.


SIGNED this 9th day of September 2024.


_Barbara J. Rothstein_
The Honorable Barbara J. Rothstein
Judge of United States District Court
Western District of Washington at Seattle

STIPULATED PROTECTIVE ORDER FOR THE TREATMENT OF
CONFIDENTIAL INFORMATION - 20
Case No. Case No. 2:23-cv-01678-BJR

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

**ATTACHMENT A TO THE STIPULATED PROTECTIVE ORDER
FOR THE TREATMENT OF CONFIDENTIAL INFORMATION**

**CONFIDENTIALITY AGREEMENT**

1. My name is _____.

2. I reside at _____.

3. My present employer is _____.

4. My present occupation or job description is _____.

5. I have been engaged as _____
   on behalf of _____
   in the preparation and conduct of litigation styled Gary Levy v. Google LLC, in United
   States District Court, Western District of Washington at Seattle.

6. I have received a copy of the Stipulated Protective Order dated _____, 20____,
   and I have carefully read and understand its provisions.  I agree to comply with and be bound
   by all the provisions of said Order.  I understand that I am to retain all copies of any
   documents designated as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL
   ONLY, or any similar designation, in a secure manner and in accordance with the terms of
   said Order, and that all copies are to remain in my personal custody until I have completed
   my assigned duties, whereupon the copies and any writings prepared by me containing any
   information containing any Protected Information or documents designated
   CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY, or any similar
   designation, are to be returned to counsel who provided me with such material.

7. I will not divulge Protected Information to persons other than those specifically authorized
   by said Order, and I will not copy or use except solely for the purpose of this action, any
   Protected Information obtained pursuant to said Order, except as provided in said Order.  I
   also agree to notify any stenographic or clerical personnel who are required to assist me of
   the terms of said Order.

8. I state under penalty of perjury under the laws of the State of Washington that the foregoing
   is true and correct.


   By: _____

   Executed on _____, 20____.

STIPULATED PROTECTIVE ORDER FOR THE TREATMENT OF
CONFIDENTIAL INFORMATION - 1
Case No. 2:23-cv-01678-BJR

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Gregory M. Skidmore
Vera P. Fomina
Mason C. Hudon
SKIDMORE FOMINA, PLLC
1800 112th Ave, Ste 270E
Bellevue, WA 98004

☐ via Hand Delivery
☐ via U.S. Mail
☐ via E-Service
☐ via Email
☑ via CM/ECF

Under the laws of the United States of America and the state of Washington, the undersigned hereby declares, under penalty of perjury, that the foregoing statements are true and correct to the best of my knowledge.

Signed at Seattle, Washington, on September 6, 2024.

*s/Elizabeth Pitman*
Elizabeth Pitman, Legal Assistant

4891-0419-5245.2

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104