UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GARY LEVY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC, a California company,<br><br>Defendant. | Case No. 2:23-cv-01678-BJR<br><br>DECLARATION OF JASON JORDAN IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

I, Jason Jordan, hereby declare and state as follows:

1. I am currently employed by Google LLC as the Senior Director of Engineering, AR Ecosystem Strategy and Technology and have held that position since March 2024. I joined Google in 2016.

2. From April 2022 to March 2024, I was employed as the Senior Director and Head of Hardware Product Engineering, Augmented Reality ("AR"). In this position, I led a global hardware engineering team responsible for research and development, new technology initiatives, product architecture, compute/silicon architectures, product simulation, product design, and more. I reported to Paul Grecco,

3. I joined the AR team in 2021. At that time, the AR team was working on the development of AR-powered glasses. As part of this effort, Google had contracted with VeriSilicon to co-design and manufacture two custom system-on-chips called Alius and Alexandrite. These two chips were intended to power the AR glasses. I was responsible for

DECLARATION OF JASON JORDAN - 1
Case No. 2:23-CV-01678-BJR

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

4902-7913-4043.1

leading the engineering team working on Alius and Alexandrite after I joined the AR team in 2021.

4. In November 2022, the AR team began reviewing its 2022 and 2023 budgets for projects with Google vendor VeriSilicon ("VSI"), including Alius and Alexandrite. I appointed Raul Perez, a Technical Program Manager, to review the silicon budget for 2022 and 2023 since unused budget from 2022 could not be carried over to 2023. From a finance perspective, I wanted to ensure that the work performed by VSI was aligned with the Statement of Work (SOW) and project timeline since the fiscal year was coming to an end.

5. Perez's review identified a discrepancy with the Alius budget based on the work that had been performed and the work that was expected to be performed on the Alius chip. As a result, the AR team held several meetings with cross functional stakeholders (e.g., engineering, finance, project managers, etc.) between November 29, 2022 and December 22, 2022, to discuss the VSI projects and budget. During the course of those meetings, it became apparent that VSI had exceeded the scope of the existing SOW and had begun working on the next milestone of the Alius project. There were a lot of open bugs and issues that needed to be resolved for the next iteration of the Alius chip (Alius B0). VSI began performing some additional design work necessary to fix the bugs and open issues necessary for Alius B0 even though Google and VSI had not executed any contract documents authorizing work for Alius B0. In other words, the Alius B0 work exceeded the scope of the contract documents in place at the time.

6. Throughout the AR team's meetings in early December, there was a debate between Levy and the engineering team, finance, and the TPGM (Perez) about whether the work performed by VSI was within the bounds of the existing SOW. Alius A0 had certain bugs that would need to be fixed as part of Alius B0. The fix for the bugs would have been part of Alius B0. In 2022, VSI performed design work to implement a fix for the bugs that were part of Alius B0. As part of this process, VSI had to run a feasibility study to determine whether the proposed fix to the bugs would work. This feasibility work went beyond the scope of the existing SOW

DECLARATION OF JASON JORDAN - 2
Case No. 2:23-CV-01678-BJR

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

4902-7913-4043.1

and was related to the next deliverable (Alius B0). Vikram Natarajan's team (which included Levy) was responsible for project SOWs.

7. Levy disagreed with the engineering team's method for resolving the out-of-scope work and argued that no compliance violation occurred because VSI agreed to perform work for free to earn Google's business. He called this "pay for performance." In addition, Levy objected to including errata payments in the amendment because VSI was contractually obligated to include some errata at no cost. Levy's point of view differed from the rest of the team. That's why Levy's supervisor, Vikram Natarajan, got involved in the discussion.

8. On December 12, 2022, at approximately 5:30, I participated in a meeting with the AR team to discuss the B0 contract amendment. This was the second meeting we had that day. Because contractual payments to VSI were made upon completion of certain milestones (as opposed to as the work was performed), the team had to describe, and estimate the reasonable value of, the work performed based on the payment milestones that were still being negotiated by Levy. Levy disagreed with the team's proposal for calculating a number for the out-of-scope work performed on B0 and objected to the inclusion of errata payments as part of the SOW number because VSI was contractually obligated to fix errata for free. Levy ended up leaving the meeting. He stated that he was leaving the meeting due to his health and ethical concerns and that he was claiming protection as a Sarbanes-Oxley whistleblower.

9. I understand that Levy has accused me of trying to manipulate the 2022 budget to address a 2023 budget shortfall. This is not true. The AR team did not receive our proposed 2023 budget until 2023. The compliance issue with VeriSilicon was discovered as part of the overall budget discussions. When it became apparent that VeriSilicon had exceeded the scope of the existing SOW by completing design work necessary to fix the bugs associated with Alius A0, finance directed the team to amend the contract documents for the project to include the design work. We did our best to accurately describe the 2022 design work performed by VSI. That work is described in the executive summary of the Alius B0 feasibility study.

DECLARATION OF JASON JORDAN - 3
Case No. 2:23-CV-01678-BJR

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

4902-7913-4043.1

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

SIGNED in _AUGUST_ on this _21_ day of August, 2025.

_____
Jason Jordan

DECLARATION OF JASON JORDAN - 4
Case No. 2:23-CV-01678-BJR

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

4902-7913-4043.1

# CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2025, I electronically filed the foregoing DECLARATION OF JASON JORDAN IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT with the Clerk of the Court using the CM/ECF system and will serve it on the party in the manners indicated below:

Gary Levy
2720 3rd Avenue, PH6
Seattle, WA 98121
garyblevy4prose@gmail.com

*Plaintiff pro se*

☐ via Hand Delivery
☒ via U.S. Mail
☐ via E-Service
☒ via Email
☒ via CM/ECF

Under the laws of the United States of America and the state of Washington, the undersigned hereby declares, under penalty of perjury, that the foregoing statements are true and correct to the best of my knowledge.

Signed at Portland, Oregon on August 29, 2025.

*s/Amanda Bowen*
Amanda Bowen, Legal Assistant

CERTIFICATE OF SERVICE - 1
Case No. 2:23-CV-01678-BJR

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVE S, STE 900
SEATTLE, WASHINGTON 98104

4902-7913-4043.1