UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GARY LEVY,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE LLC,<br><br>　　　　　　　Defendant. | CASE NO. C23-1678JLR<br><br>ORDER |

## I.　INTRODUCTION

Before the court is *pro se* Plaintiff Gary Levy's filing titled "Plaintiff's Emergency Motion for Extension Due to Exceptional Circumstances and Withheld Discovery," in which Mr. Levy seeks an extension of his deadline to respond to Defendant Google LLC's ("Google") motion for summary judgment. (Mot. (Dkt. # 44); *see* MSJ (Dkt. # 32).) Google opposes the motion. (Resp. (Dkt. # 47).) The court has considered the motion, the parties' submissions, the relevant portions of the record, and the governing law. Being fully advised, the court DENIES in part Mr. Levy's motion for an extension

ORDER - 1

1    of his deadline to respond to Google's motion for summary judgment and ORDERS Mr.

2    Levy to respond to Google's motion by no later than November 12, 2025.

3                                  II.     BACKGROUND

4         The court set forth the relevant procedural history of this case in its October 15,

5    2025 order setting a briefing schedule on the instant motion and its October 23, 2025

6    order granting Mr. Levy's request to extend his deadline to file a reply in support of his

7    motion, and does not repeat that history here except as relevant to the motion now before

8    the court.  (*See* 10/15/25 Order (Dkt. # 46); 10/23/25 Order (Dkt. # 56).)

9         Google filed its motion for summary judgment on August 29, 2025.  (MSJ.)  As a

10   result, Mr. Levy's original deadline to respond to the motion for summary judgment was

11   September 19, 2025.  *See* Local Rules W.D. Wash. LCR 7(d)(4) (providing that

12   responses to motions for summary judgment must be filed no later than 21 days after the

13   motion was filed).  On September 16, 2025, however, Mr. Levy notified the court that a

14   purported discovery dispute was preventing him from responding to Google's motion.

15   (*See* 9/16/25 Order (Dkt. # 40).)  Although the discovery completion deadline in this case

16   expired on July 25, 2025 (*see* 4/7/25 Order (Dkt. # 22) at 2-3), the court suspended the

17   briefing schedule on Google's motion for summary judgment and ordered Mr. Levy to

18   file a letter brief regarding the discovery dispute by 5:00 p.m. on September 18, 2025

19   (9/16/25 Order).  The court later extended this deadline to 5:00 p.m. on September 23,

20   2025.  (9/19/25 Order (Dkt. # 42); 9/23/25 Notice (clarifying the deadline).)  When Mr.

21   Levy failed to file his letter, the court ordered him to respond to Google's motion by no

22   later than October 14, 2025.  (9/29/25 Order (Dkt. # 43).)  Instead of timely filing his

ORDER - 2

1  response, Mr. Levy filed the instant motion for an extension of his deadline to respond to
2  Google's motion.  (Mot.)
3       Google timely responded to Mr. Levy's motion.  (*See* 10/15/25 Order (ordering
4  Google to respond to Mr. Levy's motion by no later than October 17, 2025); Resp.)  Mr.
5  Levy's original deadline to file his reply in support of his motion for an extension of the
6  deadline to respond to Google's motion for summary judgment was October 22, 2025.
7  (*See* 10/15/25 Order.)  On October 23, 2025, the court granted Mr. Levy's motion to
8  extend his deadline to file his reply to October 24, 2025, at 11:59 p.m., and ordered Mr.
9  Levy to file, by no later than October 27, 2025, evidence of the medical emergencies that
10 he asserts prohibited him from making timely filings.  (*See* 10/23/25 Order at 4; 2d Mot.
11 to Extend (Dkt. # 50) at 1.)  The court warned Mr. Levy that no further extensions of his
12 reply deadline would be granted, and that failure to timely file a reply and medical
13 documentation could result in sanctions.  (10/23/25 Order at 4.)  Mr. Levy did not file his
14 reply or medical evidence before his deadlines expired.  (*See generally* Dkt.)  Therefore,
15 Mr. Levy's motion to extend the deadline to respond to Google's motion for summary
16 judgment is ripe for decision.

### III.     ANALYSIS

18      Mr. Levy argues that the court should extend his deadline to repond to Google's
19 motion for summary judgment because he "faces five insurmountable barriers":  (1) a
20 medical emergency that he asserts required treatment through October 24, 2025;
21 (2) Google's alleged withholding of production of his personnel file; (3) a "missing case
22 file"; (4) the exposure of his then-minor child's private health information; and

1  (5) Google's use with its summary judgment motion of Exhibit 1 to the Declaration of
2  Todd Cunningham (Dkt. # 34-1 ("Policy FAQ")), which Mr. Levy asserts Google never
3  produced during discovery.  (Mot. at 1-2.)  He asks the court to extend his deadline to
4  oppose Google's motion for summary judgment to 45 days after the later of his medical
5  clearance to work on this case or his receipt of "complete discovery."  (*Id.* at 5.)

6       The court concludes that Mr. Levy's reasons for seeking an extension of his
7  response deadline do not justify the lengthy delay he requests, and therefore denies his
8  motion for an extension of 45 days or more.  First, Mr. Levy has not provided the court
9  with documentation of how his purported medical emergencies have prevented him from
10 working on his response to Google's motion for summary judgment in the 60 days that
11 have elapsed since August 29, 2025.  (*See* 10/15/25 Order at 3 n.1 (noting that none of
12 Mr. Levy's exhibits to his motion to extend supported his assertion that he was medically
13 unable to work on his response to Google's motion for summary judgment through
14 October 24, 2025).)  Furthermore, as Google points out, Mr. Levy has been actively
15 litigating this case through detailed emails and calls with Google's attorney throughout
16 the period he has asserted that he was medically unable to work.  (*See, e.g.*, 10/17/25
17 Fredrickson Decl. (Dkt. # 48) ¶ 2 (representing that Mr. Levy sent Google's attorney
18 "more than sixty substantive emails" since August 25, 2025); *see id.*, Ex. 1 (email from
19 Mr. Levy); 10/23/25 Fredrickson Decl. (Dkt. # 55) ¶ 2, Ex. 1 (email correspondence
20 between Google's attorney and Mr. Levy on October 20 and 21, 2025); *id.* ¶ 3, Ex. 2
21 (email correspondence between Google's attorney and Mr. Levy on October 21, 2025).)
22 Mr. Levy does not explain why he has been able to correspond in depth with counsel for

Google despite his medical condition but has not been able to respond to Google's motion for summary judgment. (*See generally* Mot.)

Second, regarding Google's purported failure to produce the personnel file and "missing case file," the court again notes that the discovery deadline in this matter expired on July 25, 2025, and that Mr. Levy never moved to compel Google to produce any purportedly missing documents. (*See* 4/7/25 Order; *see generally* Dkt.) Nevertheless, the court has twice given Mr. Levy opportunities to explain his concerns about Google's document production and extended his deadlines to do so. (*See* 9/16/25 Order; 9/19/25 Order; 10/15/25 Order; 10/23/25 Order.) Both times, however, Mr. Levy failed to timely respond to the court's requests for information about the dispute. (*See generally* Dkt.) In any event, Google has explained that it produced documents to Mr. Levy's former counsel, including the personnel file and the purported "missing case file," over the course of this litigation. (*See* 10/17/25 Fredrickson Decl. (Dkt. # 48) ¶¶ 7-10.)

Third, Mr. Levy has not explained why the presence of his son's health information in an exhibit to Google's motion for summary judgment or Google's reliance on the Policy FAQ posed an "insurmountable barrier" to responding to the motion. (*See generally* Mot.) In any event, the proper vehicle for opposing the moving party's submission of objectionable material with a motion is a motion to strike. *See* Local Rules W.D. Wash. LCR 7(g) (providing that a party may include a request to strike material contained in or attached to a submission by the opposing party in the party's responsive brief). If Mr. Levy continues to object to Google's use of these documents, he may include a motion to strike in his response to Google's motion.

ORDER - 5

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Mr. Levy's motion to extend his deadline to respond to Google's motion for summary judgment by 45 or more days (Dkt. # 44), but GRANTS a limited extension of that deadline. The court ORDERS Mr. Levy to file his response to Google's motion for summary judgment by no later than **November 12, 2025**. Google may file an optional reply by no later than **November 19, 2025**. The Clerk is DIRECTED to renote Google's motion for summary judgment (Dkt. # 32) for November 19, 2025. Because the February 6, 2026 trial in this matter is rapidly approaching, <u>the court cannot and will not grant any further extensions of these deadlines</u>. The court reminds Mr. Levy that failure to meet deadlines or to comply with court orders may result in the imposition of sanctions up to and including dismissal of this case.

Dated this 28th day of October, 2025.

JAMES L. ROBART
United States District Judge