UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GARY LEVY, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | CASE NO. C23-1678JLR <br><br> ORDER |

## I. INTRODUCTION

Before the court are two motions by *pro se* Plaintiff Gary Levy: (1) an "Emergency Motion to Clarify Protective Order" (Motion to Clarify (Dkt. # 49); Motion to Clarify Reply (Dkt. # 63)) and (2) an *ex parte* "Emergency Motion for Guidance, Extend Dispositive Deadline: 10/20/25, Amend Protective Order, Rule 56d Items & Extend Plaintiff's Opposition to Defendant's MSJ" (Motion for Guidance (Dkt. # 65)). Defendant Google LLC ("Google") opposes the motion to clarify. (Resp. (Dkt. # 61).)

ORDER - 1

The court has considered the motions, the parties' submissions, the relevant portions of the record, and the governing law. Being fully advised, the court DENIES the motions.

## II.   BACKGROUND[1]

Mr. Levy filed his motion to clarify on October 17, 2025. (Motion to Clarify.) He "seeks emergency clarification that [the parties' stipulated] Protective Order does not restrict communications with government agencies." (*Id.* at 1; *see* Stip. Prot. Order (Dkt. # 17).) He asserts that the stipulated protective order "lacks agency carveouts" in violation of 17 C.F.R. § 240.21F-17; that "[f]ederal whistleblower law preempts court orders[;]" that Google has admitted that there was "no restriction intended" in the stipulated protective order; and that he has been "chilled" from communicating with the Securities Exchange Commission ("SEC"), Department of Justice, and other agencies since September 9, 2024, when the stipulated protective order was entered. (Motion to Clarify at 2-4.) He asks for "immediate clarification" that the stipulated protective order does not restrict his ability to communicate with agencies; a modification of the Attorneys Eyes Only ("AEO") provision of the order; a 21-day "deadline extension[;]" "cost-shifting[;]" and sanctions against Google pursuant to 28 U.S.C. § 1927. (*Id.* at 5.) Mr. Levy does not point to the specific language in the stipulated protective order that he finds objectionable; identify which documents, if any, should have "confidential" or

---

[1] The court has set forth the recent procedural history of this case in multiple orders and does not repeat that history here except as relevant to the motions now before the court. (*See* 10/15/25 Order (Dkt. # 46); 10/23/25 Order (Dkt. # 56); 10/28/25 Order (Dkt. # 58).)

ORDER - 2

"AEO" designations removed; or explain the basis for his purported entitlement to cost-shifting. (*See generally id.*)

Google responds that it informed Mr. Levy that the stipulated protective order does not prohibit him from communicating with federal agencies, including the SEC. (Motion to Clarify Resp. at 2-3 (citing Fredrickson Decl. (Dkt. # 62) ¶ 2, Ex. 1).) Rather, according to Google, Mr. Levy is barred only from disclosing materials protected by the stipulated protective order to an agency unless (1) the confidentiality designations are removed by Google or by court order or (2) the agency issues a subpoena for the documents. (*Id.* at 3.) Google further argues that Mr. Levy cannot now attempt to relitigate issues that it had previously resolved with his former attorney, such as the language of the stipulated protective order and a stipulation that the parties had completed discovery. (*Id.* at 2; *see* 8/7/25 Stip. Mot. (Dkt. # 23) at 1.)

Mr. Levy filed a reply in support of his motion to clarify on November 10, 2025. (Motion to Clarify Reply.) He asks the court (1) to "[a]dd carve-out language for US agencies with no limitations on disclosure," (2) to extend the "October 20, 2025 dispositive deadline" to "enable Mr. Levy to engage US agencies" and move to amend his complaint, and (3) for "cost-shifting." (*Id.* at 1.) Mr. Levy further argues that his whistleblower claims have merit; that Google's discovery production and depositions revealed further evidence of statutory and policy violations; that his prior attorneys "bypass[ed]" him when working with Google's attorneys; and that the stipulated protective order and its process for removing a confidentiality designation "impede[s]" his ability to communicate directly with SEC staff. (*Id.* at 4-5.)

ORDER - 3

1    Mr. Levy did not respond to Google's pending motion for summary judgment by
2    his November 12, 2025 deadline to do so. (*See* 10/28/25 Order at 6 (ordering Mr. Levy
3    to file his response to the motion for summary judgment by no later than November 12,
4    2025, and stating that "the court cannot and will not grant any further extensions" of that
5    deadline); *see also id.* at 2 (noting that Mr. Levy's original deadline to respond to the
6    motion for summary judgment was September 19, 2025).) Google filed its reply in
7    support of its motion for summary judgment on November 13, 2025. (MSJ Reply (Dkt.
8    # 64).) Later that same day, Mr. Levy filed his *ex parte* motion for guidance, in which he
9    avers "that there are requests for guidance and or orders that precede [Google's reply]
10   and which directly impact [Mr. Levy's] Opposition to Defendant's Motion for Summary
11   Judgment." (Motion for Guidance.)

### III.    ANALYSIS

13       The court denies Mr. Levy's motions to clarify and for guidance. The motions, at
14   their core, seek leave to relitigate matters that Mr. Levy's former counsel had already
15   resolved, including the terms of the parties' stipulated protective order and the scope of
16   discovery. (*See generally* Motion to Clarify; Motion for Guidance; *see also* 10/15/25
17   Order (discussing Mr. Levy's earlier motions relating to discovery); 10/23/25 Order
18   (same); 10/28/25 Order (same).) The court finds, however, that "allowing [Mr. Levy] to
19   restart the litigation at this stage because [his] choice of counsel went awry would unduly
20   prejudice [Google] and interfere with the timely and efficient administration of justice."
21   *Nguyen v. Mercer Island Boys Basketball Booster Club*, No. C23-0855RSL, 2024 WL
22   4437782, at *2 (W.D. Wash. Sept. 26, 2024) (denying plaintiffs' request to reopen

discovery and to "correct what they see as the errors and omissions of their prior counsel" after their prior counsel withdrew). As this court has observed, "[i]t is well settled . . . that a client, having chosen [his] representative and agreed to have counsel act as [his] agent before the [c]ourt, is bound by counsel's representations and actions." *Id.* As a result, "[i]n cases such as this, the client's remedy is a malpractice case against prior counsel, not starting the litigation anew." *Id.* (citing *Nealey v. Transport. Maritima Mexicana, S.A.*, 662 F.2d 1275, 1282 n.13 (9th Cir. 1980); *Link v. Wasbash R.R. Co.*, 370 U.S. 626, 634 n.10 (1962) ("[I]f an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice."); *Magala v. Gonzales*, 434 F.3d 523, 526 (7th Cir. 2005) ("The civil remedy is damages for malpractice")). Thus, the court denies Mr. Levy's requests to modify the stipulated protective order and to reopen discovery.

The court also denies Mr. Levy's requests to extend his deadlines to respond to the motion for summary judgment and to amend his complaint. First, the court has already extended Mr. Levy's deadline to respond to the motion for summary judgment from the 21 days provided under the court's Local Civil Rules to 54 days. (*See* 10/15/25 Order; 10/23/25 Order; 10/28/25 Order.) The court made clear in its October 28, 2025 order that it could not and would not further extend this deadline in light of the rapidly approaching trial date. (10/28/25 Order at 6.) Mr. Levy's assertion that he was awaiting the court's ruling on his motion to clarify before filing his response does not change the court's view because, under Local Civil Rule 7(j), "[p]arties should not assume that [a motion for relief from a deadline] will be granted and *must comply with the existing deadline unless*

*the court orders otherwise.*" Local Rules W.D. Wash. LCR 7(j) (emphasis added). Second, the court denies Mr. Levy's request for leave to file a motion to amend his complaint because adding new claims over a year and a half after the deadline to amend pleadings expired and at this late stage of the litigation would prejudice Google. (*See* 12/20/23 Sched. Order (Dkt. # 12) (setting a February 1, 2024 deadline to amend pleadings)); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (instructing courts assessing a motion for leave to amend to consider five factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the party has previously amended its pleading).[2] The court will decide Google's motion for summary judgment on the record now before it.

## IV.   CONCLUSION

For the foregoing reasons, the court DENIES Mr. Levy's motions to clarify and for guidance (Dkt. ## 49, 65).

Dated this 14th day of November, 2025.

JAMES L. ROBART
United States District Judge

---

[2] Because the court denies the substantive portions of Mr. Levy's motions, it also denies his requests for "cost-shifting" and for sanctions. (*See* Motion to Clarify at 5.)